Stuart Price, CA# 150439
Price Law Group, APC
15760 Ventura Boulevard, Suite 800
Encino, CA 91436
T: 818-907-2030
E: stuart@pricelawgroup.com
Attorneys for Plaintiff
Monica L. Perry

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA L. PERRY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EGS FINANCIAL CARE, INC,; and SYNCHRONY BANK.<br><br>　　　　Defendant(s). | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>　1. **TCPA, 47 U.S.C. § 227**<br>　2. **RFDCPA, Cal. Civ. Code § 1788**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Monica L. Perry ("Plaintiff"), through her attorneys, alleges the following against Defendants, EGS Financial Care, Inc., ("EGS") and Synchrony Bank ("Synchrony") (collectively referred to as "Defendant" or "Defendants"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute

that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)* in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendants transact business here; personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in the state of California.

7. Plaintiff is a debtor as defined by *Cal. Civ. Code § 1788.2(h).*

8. Defendant EGS Financial Care, Inc., is a creditor engaged in the business of debt collection with its principal place of business located in Horsham,

Pennsylvania. Defendant can be served with process in 400 Horsham Road, Suite 130, Horsham, PA 19044.

9. Defendant Synchrony Bank is a creditor engaged in the business of giving loans with its principal place of business located in Draper, Utah. Defendant can be served with process at 170 West Election Road, Suite 125, Draper, UT 84020.

10. Defendants are debt collectors as that term is defined by Cal. Civ. Code §1788.2(c).

11. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendants are attempting to collect a debt from Plaintiff.

13. In or around April of 2016, Defendant Synchrony began placing calls to Plaintiff on her cellular phone number (909) 717-1828, in an attempt to collect an alleged debt.

14. Upon information and belief, Plaintiff received calls from Defendant Synchrony on a daily basis, until the account as transferred to Defendant EGS.

15. In or around June 2016, Defendant EGS began placing calls to Plaintiff's cellular phone number (909) 717-1828, in an attempt to collect the above referenced debt on behalf of Defendant Synchrony.

16. The calls placed by Defendant EGS mainly originated from (210) 227-0400; (215) 717-8706; (602) 585-0396; (623) 200-5990; (681) 245-8153; (703) 656-9963; (724) 235-6538; (757) 255-5428; (877) 278-5297; (878) 999-0004; and (916) 970-1850. Upon information and belief, these numbers are owned or operated by Defendant EGS.

17. On or about July 26, 2016, at 3:23 p.m., Plaintiff answered a collection call from Defendant EGS; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system; Plaintiff spoke with Defendant's representative from telephone number (602) 585-0396.

18. Defendant EGS informed Plaintiff that it was attempting to collect a debt relating to her Synchrony account.

19. Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's request not to be contacted, Defendant EGS continued to call Plaintiff.

20. Between July 26, 2016 and September 21, 2016, Defendant EGS called Plaintiff no less than one hundred and ninety-eight (188) times.

21. Defendant EGS called Plaintiff six (6) times on August 2, 2016; ten (10) times on August 14, 2016; five (5) times on August 21, 2016; six (6) times on August 24, 2016; and five (5) times on September 8, 2016.

22. Many times when Plaintiff answered calls from Defendant EGS, there was a pre-recorded message or no person on the phone.

23. Plaintiff's phone would often ring up to ten (10) times a day with calls from Defendant EGS. The calls not only induced stress, but also anxiety that her work would be affected in a negative manner due to the daily incessant calls to her cellular phone.

24. Plaintiff currently works two jobs; at an elementary school during the day and at UPS during the night. Plaintiff uses the time between her two shifts to catch up on sleep.

25. The calls to her cell phone would often interrupt her sleep as well as her work. The disruptions placed Plaintiff in a compromising position, requiring her to answer questions concerning the calls to her superiors.

26. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
### (Defendant EGS' Violations of the TCPA, 47 U.S.C. § 227)

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

29. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is

entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### (Defendants EGS' and Synchrony's Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788)

23. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

24. Defendants violated the RFDCPA. Defendants' violations include, but are not limited to, the following:

   a) Defendant violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

   b) Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

      i. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

    ii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

    iii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

25. Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

26. As a result of the foregoing violations of the RFDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Monica L. Perry, respectfully requests judgment be entered against Defendants for the following:

    A. Declaratory judgment that Defendants violated the RFDCPA;

    B. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices act, Cal. Civ. Code §1788.30(b);

    C. Actual damages pursuant to Cal. Civ. Code §1788.30(b);

    D. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code §1788.30(c);

E. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted this 7th day of February, 2017.

By: /s/ Stuart Price
Stuart Price, CA#150439
15760 Ventura Blvd., Suite 800
Encino, CA 91436
T: 818-907-2030
E: stuart@pricelawgroup.com
Attorneys for Plaintiff,
Monica L. Perry